# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYGAN J. CALVERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-475-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Raygan J. Calvert requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 19, 1976 and was thirty-two years old at the time of the administrative hearing (Tr. 117). He has a high school education and has worked as an automobile salesman and correctional officer (Tr. 37, 42). The claimant alleges that he has been unable to work since April 2, 2006 because of a back injury, left wrist injury, muscle disorder, and tremors (Tr. 37).

## Procedural History

On October 2, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Osly F. Deramus conducted an administrative hearing and determined the claimant was not disabled in a written opinion dated May 15, 2009. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform the full range of light work and was therefore not disabled because he could return to his past relevant work as an automobile sales person (Tr. 15, 24).

**Review**

The claimant contends that the ALJ erred: (i) by finding he engaged in substantial gainful activity during 2007 without proof of earnings in the record; (ii) by failing to find that he was disabled at step three because his weight loss from a gastrointestinal disorder met a listing; (iii) by countering the medical opinions of his treating physicians with the ALJ's own lay opinion; and, (iv) by failing to consider the effect of his severe pain on his ability to perform work. The Court finds the claimant's first two contentions persuasive.

The claimant initially contends that the ALJ erred at step one by determining that he engaged in substantial gainful activity after his onset date of April 2, 2006. The Court agrees for two reasons. First, it is not entirely clear what the ALJ did conclude about the claimant's engagement in substantial gainful activity after onset; the conclusion of the step one analysis suggests that the ALJ found the claimant engaged in substantial gainful activity through the first quarter of 2008, but specific findings are made only as far back as the third quarter of 2007. Further, the specific findings that the ALJ did make are not entirely supported by the record; the ALJ refers to earnings reports that are not included in the transcript, and the claimant's testimony on this point is partially inconsistent therewith. The Court is thus unable to determine when the claimant may have engaged in substantial gainful activity and whether the evidence relied on by the ALJ supports such a period. Further analysis by the ALJ is required, as well as supplementation of the record.

The claimant also contends that the ALJ erred at step three by failing to find that his weight loss from a gastrointestinal disorder met Listing 5.08 of the listed impairments

at 20 C.F.R. Pt. 404, Subpt. P, App. 1. Listing 5.08 relates to weight loss due to any digestive disorder, and requires the claimant to establish a recorded "BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period" despite ongoing treatment. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 5.08. The ALJ found the claimant's pancreatitis to be a severe impairment at step two, which satisfied the gateway requirement of the listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 5.00, ¶ G ("In addition to the impairments specifically mentioned in these listings, other digestive disorders, such as esophageal stricture, *pancreatic insufficiency*, and malabsorption, may result in significant weight loss.") [emphasis added]. But the ALJ found the claimant did not meet Listing 5.08 at step three because his "weight loss does not meet the requirements of that listing, and his drug abuse (methamphetamine) could have been an underlying reason for claimants weight loss" (Tr. 15). The ALJ cited no evidence for either of these reasons for concluding that the claimant did not meet the listing, and indeed the record does not support them.

For example, there was in fact evidence in the medical record that the claimant's weight loss met the listing on at least two occasions when the claimant may not have been gainfully employed. First, on September 7, 2006, the claimant's treating physician Dr. Jay Cannon recorded that the claimant's weight was "up to 117 pounds from 107 pounds" (Tr. 328), a BMI of 16.26 (at 107 pounds), while on November 29, 2006, the Family Practice Clinic, Inc. recorded that the claimant's weight was 110 pounds (Tr. 540), a BMI of 16.72. Second, on April 3, 2008, Dr. Robert Rankin of Disease

Specialists, Inc. recorded that the claimant's weight was 111 pounds (Tr. 585), a BMI of 16.88, while on July 9, 2008, the Atoka Memorial Hospital recorded that the claimant's weight was 112 pounds (Tr. 696), a BMI of 17.02. Further, none of the physicians who treated, examined or evaluated the claimant related his weight loss to his admitted drug use, or to anything other than his severe pancreatitis; on this point, the ALJ apparently rendered his own speculative opinion. *See, e. g., Allen v. Schweiker,* 567 F. Supp. 1204, 1209 (D. Del. 1983) ("First, conclusions 1, 2 and 3 are all improper because they represent the ALJ's personal medical judgments concerning the claimant's condition . . . It is the duty of the ALJ to choose between properly submitted medical evidence, but it is not his function to assume the role of a doctor . . . A layman such as the ALJ is not free to draw his own conclusions as to the meaning of these tests."), *citing Gober v. Matthews,* 574 F.2d 772, 777 (3d Cir. 1978). *See also Miller v. Chater,* 99 F.3d 972, 977 (10th Cir. 1996) ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Department of Health & Human Services,* 10 F.3d 739, 743 (10th Cir. 1993); *Kemp v. Bowen,* 816 F. 2d 1469, 1475 (10th Cir. 1987). Indeed, the ALJ admits as much at step four, noting, "it is difficult to ascertain whether the weight loss was due to claimant's physical condition, to his drug use, or both" (Tr. 23). *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005) ("*Clifton* does not . . . suggest that findings at other steps of the ALJ's analysis may never obviate the lack of detailed findings at step three. . . But where an ALJ provides detailed findings, thoroughly reviewed and upheld by the district court, that confirm rejection of the listings

in a manner readily reviewable, requiring reversal would extend *Clifton* beyond its own rationale. Neither *Clifton's* letter nor spirit require a remand for a more thorough discussion of the listings when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review.").

For the reasons set forth above, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis at step one and step three. On remand, the ALJ should clarify his findings at those steps and determine what impact, if any, such clarification has on his determination as to the claimant's disability. The ALJ should also consider addressing the claimant's other contentions on appeal herein, if appropriate, and conducting any other proceedings not inconsistent herewith.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 31st day of March, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma